UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DOUGLAS K. DVORAK, an individual,

      Plaintiff,

      v.

CLEAN WATER SERVICES, a public utility,

      Defendant.

Civil No. 04-1384-HU

ORDER

HAGGERTY, Chief Judge:

      In his Findings and Recommendation [65] dated March 20, 2006, Magistrate Judge Hubel recommended granting defendant's Motion for Summary Judgment [22]. Plaintiff filed objections to the Findings and Recommendation. The Findings and Recommendation was referred to this court on May 5, 2006.

1 - ORDER

When a party objects to any portion of a Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Business Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

Plaintiff's objections were filed in a timely manner. The court has given the file of this case a *de novo* review, and has also carefully evaluated the Magistrate's Findings and Recommendations, the objections, and the entire record. Magistrate Judge Hubel provided a thorough analysis of the facts and circumstances regarding this litigation, and that analysis need not be repeated here. Magistrate Judge Hubel's recommendations are sound, correct, and entitled to adoption.

## **ANALYSIS**

Plaintiff argues that the Findings and Recommendation erred in concluding that plaintiff (1) did not suffer from a substantial impairment affecting a major life activity, (2) was not regarded by defendant as disabled and unqualified for a broad class of jobs, (3) was not terminated based on a record of disability, (4) did not state a proper Rehabilitation Act claim, and (5) did not state a proper claim under Oregon law. These objections are addressed in turn.

Plaintiff first contends that the Findings and Recommendation erred in rejecting several sources: plaintiff's vocational rehabilitation counselor's letter of July 2004; the opinion of plaintiff's doctor of August 2005; and plaintiff's own declaration from 2005. The Findings and Recommendation determined that these were irrelevant to plaintiff's disability at the time of termination in 2003.

Plaintiff argues that although that evidence discussed his condition at the time the statements were made, it is still relevant to his condition at the time of termination. Pl's Objections at 2. However, plaintiff testified in his deposition that at the time he was terminated in August 2003 he was still able to perform his job duties and was not prohibited from doing so until his condition deteriorated in 2004. Pl'.s Deposition at 117-18 (cited in Findings and Recommendation at 18). Evidence from the vocational rehabilitation counselor and plaintiff's doctor pertained to plaintiff's condition after his deterioration in 2004. The Findings and Recommendation concluded properly that the evidence was not relevant to plaintiff's condition in 2003.

Moreover, the Findings and Recommendation also evaluated plaintiff's claim assuming, *arguendo*, that this evidence was relevant to plaintiff's condition at the time of termination. Findings and Recommendation at 15, 19, 22, 25-26. The Findings and Recommendation noted that neither medical opinion stated that plaintiff was substantially limited in a major life activity. Findings and Recommendation at 18. Rather, the medical evidence in the record from 2003 is consistent with plaintiff's deposition testimony that he was not limited at the time of his termination. Findings and Recommendation at 15. Accordingly, even if the disputed evidence should be considered as relevant, the Findings and Recommendation concluded properly that the evidence fails to establish an issue of material fact regarding a substantial limitation in a major life activity.

Plaintiff next objects to the finding that plaintiff was not regarded as disabled and unqualified for a broad class of jobs by defendant. Pl's Objections at 4. Plaintiff alleges that defendant's Senior Human Resources Analyst Tricia Godfrey stated "I won't even put you behind

3 - ORDER

a computer." *Id*. Plaintiff argues that this statement suggests that defendant considered plaintiff unfit for computer jobs, and that it is reasonable to infer from the statement that defendant believed plaintiff was unqualified for any job with defendant or any job in the regional or national economy. *Id*. at 4-5. Plaintiff's argument is unpersuasive. The Findings and Recommendation correctly recognized that even if the statement was made and meant that defendant considered plaintiff disabled from defendant's sedentary jobs, it would still fall short of indicating that defendant believed plaintiff was disabled from all sedentary jobs in the regional or national economy. Findings and Recommendation at 28-30. Moreover, plaintiff testified that he had no reason to believe that defendant wanted his employment to end because plaintiff was disabled. Pl'.s Deposition at 148-51 (cited in Findings and Recommendation at 27). Plaintiff fails to demonstrate the existence of material disputes regarding whether his employer believed plaintiff had an impairment that substantially limited him from working in a broad range of jobs.

     Plaintiff's third objection is that the Findings and Recommendation improperly rejected plaintiff's claim that he was terminated based on a record of disability. Pl's Objections at 5. This court has considered the objections and concludes that the Findings and Recommendation correctly determined that there was "no record of any kind available to defendant prior to its termination decision to show that plaintiff was ever disabled within the meaning of the statute because no record suggests that plaintiff was substantially limited in any way." Findings and Recommendation at 33. Plaintiff fails to create an issue of material fact that defendant terminated him based on a record of disability.

Plaintiff also objects to the dismissal of his claims brought under the Rehabilitation Act and Oregon law. These claims were rejected based on the dismissal of the claims under the Americans with Disabilities Act, which were dismissed because no issues of material fact exist as to actual disability, regarded disability, or record of disability. Findings and Recommendation at 32-36. In light of this court's adoption of the analysis and conclusions of the Findings and Recommendation regarding actual disability, regarded disability, and record of disability, dismissal of these claims is also proper.

Plaintiff requests, alternatively, that if the Findings and Recommendation is upheld, his state law claims be dismissed without prejudice. This request is denied. Judicial economy is best served by addressing the state claims' merits. Discovery has closed, summary judgment motions are complete, and the state law claims have been fully briefed. *See, e.g., Harper v. AutoAlliance Intern, Inc.*, 392 F.3d 195, 210-212 (6th Cir. 2004).

## **CONCLUSION**

For these reasons, Magistrate Judge Hubel's Findings and Recommendation [65] is ADOPTED in its entirety. Defendant's Motion for Summary Judgment [22] is GRANTED.

IT IS SO ORDERED.

Dated this   26   day of May, 2006.

                                                   /s/Ancer L.Haggerty

                                                   ANCER L. HAGGERTY
                                                   United States District Judge